UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FERNANDO ALVAREZ, | Case No. 3:08CV2418 |
| Petitioner, | JUDGE SARA LIOI |
| v. | Magistrate Judge George J. Limbert |
| DEB TIMMERMAN-COOPER, Warden, | **Report and Recommendation of Magistrate Judge** |
| Respondent. | |

Petitioner Fernando Alvarez ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his Wood County, Ohio Court of Common Pleas conviction for felonious assault in violation of Ohio Revised Code ("O.R.C.") §2903.11(a)(2). ECF Dkt. #1. On February 13, 2009, Respondent Deb Timmerman-Cooper filed a Return of Writ. ECF Dkt. #9. On March 30, 2009, Petitioner filed a traverse. ECF Dkt. #10.

The case was referred to the undersigned for a Report and Recommendation. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice:

## I.   SYNOPSIS OF THE FACTS

The Sixth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denie*d, 119 S.Ct. 2403 (1999).  As set forth by the Sixth District Court of Appeals, the facts are:

{ 2} On April 7, 2005, appellant was indicted for the felonious assault of Brian Lenhart. A jury trial commenced on March 14, 2006. Lenhart testified that on February 19, 2005, he met some friends at a Bowling Green, Ohio bar where he consumed one beer. Lenhart and friends then decided to go to another bar named Kamikaze's. The group ordered drinks and sat at a table. Lenhart testified that he immediately noticed a man dressed in white, dancing erratically on the dance floor. The dance floor was not crowded. Lenhart identified the man as appellant. Lenhart testified that appellant began dancing directly in front of his table. Because he wanted appellant to move farther away from the table,

{ 3} Lenhart gave appellant a "pat on the butt." Appellant reacted by grabbing Lenhart's coat collar, pushing him into his girlfriend and warning Lenhart not to touch him. Lenhart apologized and appellant walked to a seat at the bar. Lenhart testified that he thought at that point that the incident was over.

{ 4} Seconds later, appellant walked toward Lenhart's table and lunged at him. The two began to struggle. Lenhart was holding appellant's wrist and saw that appellant was holding a knife. Both men fell to the floor. Lenhart's girlfriend attempted to pull Lenhart away from appellant but this only made Lenhart more vulnerable to the knife so he pushed his girlfriend away. At that point, appellant's knife fell out of his hand onto the floor and he was restrained by bar employees.

ECF Dkt. #9, Ex. 7; *State v. Alvarez*, Case No. WD-06-027, 2007 WL 1793589 at *1 (Ohio App. 6 Dist. June 22, 2007), unreported.

## II.     PROCEDURAL HISTORY

### A.      State Trial Court

On April 7, 2005, the Wood County, Ohio prosecuting attorney filed an indictment, charging Petitioner with felonious assault in violation of O.R.C. §2903.11(a)(2). ECF Dkt. #9, Ex. 1. On March 14, 2006, the case proceeded to a jury trial. ECF Dkt. #5, Ex. 2, Attach. 2-4. (trial transcript, hereinafter "Tr."). The jury found Petitioner guilty of the charge in the indictment. ECF Dkt. #9, Ex. 2. The trial judge sentenced Petitioner to four years of imprisonment. ECF Dkt. #9, Ex. 3.

### B.      Direct Appeal

On April 10, 2006, Petitioner filed a notice of appeal from the trial court's conviction. ECF Dkt. #1, Ex. 4. On September 13, 2006 Petitioner filed a brief in support of his direct appeal, raising the following assignments of error:

I.     The trial court erred by not granting Alvarez' Rule 29 Motion for judgment of acquittal because there was insufficient evidence to prove each element of Felonious Assault beyond a reasonable doubt.

II.    The trial court abused its discretion by not granting Alvarez' request for a pre-sentence report.

> III. The verdict was against the manifest weight of the evidence.
>
> IV. The trial court abused its discretion by not providing the jury with Assault and Aggravated Assault instructions.
>
> V. The trial court erred in its evidentiary ruling allowing the state to reference a possible 10 year-old felony conviction from Florida.
>
> VI. The prosecutor vouched for witnesses and engaged in prejudicial hyperbole which was designed to influence the jury improperly.
>
> VII. Alvarez' sentence is not supported by the facts of this case, and this Court should remand this case for re-sentencing.

ECF Dkt. #9, Ex. 5.  On June 22, 2007, the Ohio Court of Appeals for the Eighth District affirmed the trial court's judgment.  ECF Dkt. #9, Ex. 7.

### C. Supreme Court of Ohio

On July 27, 2007, Petitioner, pro se, filed a notice (ECF DKt. #9, Ex. 8) and brief in support of jurisdiction in the Supreme Court of Ohio, raising the following propositions of law:

> I. A state 29 Motion for Judgment of Acquittal must be granted when there is insufficient evidence to prove each element of Felonious Assault [sic] beyond a reasonable doubt, otherwise it is a denial of due process not to grant the Motion.
>
> II. According to the criminal rules of Ohio, and the O.R.C., a defendant is entitled to a presentence report.
>
> III. The verdict, in a criminal trial, must be in accordance with the manifest weight of the evidence presented.
>
> IV. A trial court must give Jury Instructions of assult [sic] and aggravated assult [sic] when conducting a criminal jury trial.
>
> V. When a State, during a criminal trial, does not have a certified copy of a judgment entry, and previous felony is not admisible [sic].
>
> VI. During a criminal trial, the prosecutor is not allowed to vouch for witnesses, or engage in hyperbole.
>
> VII. The sentence, in a criminal sentencing hearing must be supported by the facts of the case.

ECF Dkt. #9, Ex. 9.  On December 13, 2007, the Supreme Court of Ohio dismissed the appeal as not involving a substantial constitutional question.  ECF Dkt. #9, Ex. 11.

**D.     Rule 26(B) Application**

On August 15, 2007, Petitioner filed an application to reopen his appeal pursuant to Ohio Rule of Appellate Procedure 26(B). ECF Dkt. #9, Ex. 12. Petitioner set forth the following assignments of error:

> I.  Appellate counsel provided ineffective assistance, in violation of the right to effective assistance of appellate counsel as guaranteed by the U S Constitution article six, and the 14th Amendment's due process clause, when representation failed to raise the claims, during the appeal, that trial counsel had preserved by her objections, relating to the judge's decision to not make any findings on the record when he sentenced the Appellant to more than the minimum sentence.
>
> II.  Appellate counsel ineffective assistance, in violation of the right to effective assistance of appellate counsel as guaranteed by the U.S. constitution article six and the 14th Amendment's due process clause when representation failed to raise trial counsels [sic] ineffectiveness, because of trial counsels [sic] failure to object to the Prosecutors remarks in regards to vouching for the witnesses credibility.
>
> III.  Appellate counsel provided ineffective assistance, in violation of the right to effective assistance of appellate counsel as guaranteed by the U.S. constitution article six, and the 14th Amendment's due process clause when representation failed to raise trial counsels [sic] ineffectiveness, because of trial counsels [sic] failure to object when the prosecutor engaged in prejudicial misconduct when he asked the witness to identify appellant stating, "Is that the \*\*\*same man who pulled that box cutter and tried to slice you on the neck with it?".
>
> IV.  Appellate counsel provided ineffective assistance, in violation of the right to effective assistance of appellate counsel as guaranteed by the U.S Constitution article six, and the 14th Amendment's due process clause when representation failed to raise trial counsel ineffectiveness, because of trial counsels [sic] failure to properly instruct the Appellant to remain silent when the answer to any question asked of him, while on the stand, would be prejudicial, or would open the prosecutions [sic] door to a line of questioning that otherwise would be forbidden.
>
> V.  Appellate counsel provided ineffective assistance, in violation of the right to effective assistance of appellate counsel as guaranteed by the U.S. Constitution article six, and the 14th Amendment's due process clause, when representation failed to raise trial counsels [sic] ineffectiveness, because of trial counsels [sic] failure to ask for a continuance when the witness for the Appellant didn't show up for trial.
>
> VI.  Appellate counsel provided ineffective assistance, in violation of the right to effective assistance of appellate counsel as guaranteed by the U.S. Constitution article six, and the 14th Amendment's due process clause, when representation failed to raise trial counsels [sic] ineffectiveness, because of trial counsels [sic] failure to object to the Constitutionality of the current new judicially constructed sentencing statutes.

ECF Dkt. #9, Ex. 12. On September 11, 2007, the Ohio Sixth District Court of Appeals denied Petitioner's application. ECF Dkt. #9, Ex. 13.

### E. 28 U.S.C. § 2254 Petition

On October 5, 2008, Petitioner filed the instant petition for a writ of habeas corpus. ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).  Petitioner has raised the following grounds for relief:

> **GROUND ONE:** Mr. Fernando Alvarez was deprived of his constitutional rights to effective assistance of trial counsel under the Sixth and Fourteenth Amendments of the United States Constitution and his rights under the United States Supreme Court's decisions set forth in *Strickland v. Washington* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Herring V. New York* 422 U.S. 853, 95 S.Ct. 2550, 45 l.Ed.2d 593 (1975), when the state court judge during pretrial proceedings; (1) Interfered with trial counsel's ability to admit into evidence for the defense exhibits for the purpose of examining the arresting police officer during trial; (2) Interfered with trial counsel's ability to ask the arresting police officer questions about his choice of charging Mr. Alvarez with felonious assault a felony instead of aggravated menacing a misdemeanor; (3) Interfered with trial counsel's ability to present closing arguments to the jury on the lesser include [sic] offense of aggravated menacing a misdemeanor and request jury instructions on the offense.
>
> **GROUND TWO:** Mr. Alvarez was deprived of his constitutional rights under the Fourteenth Amendment due process and equal protection clause of the United States Constitution and his rights under the United States Supreme Court's decisions in *Tibbs v. Florida* (1982), 457 U.S. 31, 34, 102 S.Ct. 2211, 2220, and *Jackson V. Virginia* (1979), 442 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, when the state trial court erred by not granting his Criminal Rule 29 motion for judgment of acquittal when there was insufficient evidence to prove his guilt on each and every element of felonious assault beyond a reasonable doubt.
>
> **GROUND TREE:** Mr. Fernando Alvarez was deprived of his constitutional rights under the Fourteenth Amendment due process and equal protection clauses of the United States Constitution and his rights under the United States Supreme Court's decisions in *Tibbs v. Florida* (1982), 457 U.S. 31, 34, 102 S.Ct. 2211, 2220, and *Jackson V. Virginia* (1979), 442 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, when the jury's verdict was against the manifest weight of the evidence to sustain the felonious assault conviction beyond a reasonable doubt.

ECF Dkt. #1. On February 13, 2009, Respondent Stuart Hudson filed a Return of Writ. ECF Dkt. #9. On March 30, 2009, Petitioner filed a traverse. ECF Dkt. #10.

## III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not an issue in this case. See ECF Dkt. ## 1, 5, 8. Respondent contends, however, that Ground Four is otherwise procedurally-barred. ECF Dkt. #5 at 16-18.

### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon

state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), *quoting Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.) *cert. denied*, 509 U.S. 907 (1993)(quotation omitted).

Unless an exception applies, the Court must dismiss a petition for lack of exhaustion if it contains at least one issue that was not presented to the state courts so long as a remedy is still available for the petitioner to pursue in the state courts. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) *citing Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for

-7-

a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id*. at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); Richey, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice

-8-

test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004). A state's res judicata rule barring post-conviction claims which could have been raised on appeal is an adequate and independent ground for *Maupin* purposes. *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604, 628 (6th Cir. 2003).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), cert. denied, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

-10-

      C.      The state court decision may be overturned only if:

           1.      It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

           2.      the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

           3.      'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

           4.      the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

      D.      Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

      E.      Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. ANALYSIS

### A. Ground One: Ineffective assistance of trial counsel

Petitioner first contends that he received ineffective assistance of counsel because, during pretrial proceedings, the trial judge: (1) interfered with trial counsel's ability to admit into evidence for the defense exhibits for the purpose of examining the arresting police officer during trial; (2) interfered with trial counsel's ability to ask the arresting police officer questions about his choice of charging Petitioner with felonious assault, a felony, instead of aggravated menacing a misdemeanor; and (3) interfered with trial counsel's ability to present closing arguments to the jury on the lesser include offense of aggravated menacing a misdemeanor and request jury instructions on the offense. ECF Dkt. #1 at 4-5.

Respondent contends that this claim is procedurally defaulted because Petitioner did not raise the claim in the state courts. ECF Dkt. #9 at 7-9. The undersigned notes, however, that Petitioner's claim does not appear to be an ineffective assistance of counsel claim when liberally construed. Prior to determining if Petitioner's claims were procedurally barred, the undersigned recommends that the Court carefully consider the scope of the claim pursuant to the Sixth Circuit's dictates in *Franklin v. Rose*:

> It is equally well settled that "however inartfully pleaded," allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 562 (1972). The allegations of a pro se habeas petition, "though vague and conclusory, are entitled to a liberal construction." *Burris v. United States*, 430 F.2d 399, 403 (7th Cir.1970), cert. denied, 401 U.S. 921, 91 S.Ct. 909, 27 L.Ed.2d 824 (1971). **The appropriate liberal construction requires active interpretation in some cases to construe a pro se petition "to encompass any allegation stating federal relief."** *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir.1976).

*Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (emphasis added). In the case at bar, it is clear that Petitioner has not even alleged an ineffective assistance of counsel claim because he does not allege deficient performance of counsel; he only alleges that the trial judge created impediments that prevented counsel from introducing evidence, cross examining a witness, and present an argument in closing. To the contrary, in order to prevail on a claim of ineffective assistance of trial counsel, Petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness and counsel's ineffectiveness prejudiced his defense so as to deprive him of his right to a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984).

If the Court were to interpret Ground One in its most literal sense, it is clear that the claim lacks merit because Petitioner does not allege, let alone demonstrate that trial counsel failed to provide adequate representation. The question pertaining to deficient performance in the context of the Sixth Amendment is counsel's reasonableness. As the *Strickland* Court stated:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

*Strickland*, 466 U.S. at 690. In light of Petitioner's failure to allege any unreasonable actions on the part of trial counsel, his ineffective assistance of counsel claim is plainly meritless, and the Court could dismiss as meritless rather than addressing procedural default. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion,

-13-

and disposition of the case would not offend federal-state comity). In light of this clear error in the pleadings, the undersigned recommends that the Court actively interpret the Ground One of the instant petition to determine if it raises a colorable constitutional claim that has not been procedurally defaulted.

As stated above, the undersigned believes that the Ground One does not state an ineffective assistance of counsel claim and could be dismissed on the merits. However, for the sake of completeness in addressing the issue of procedural default, the undersigned will first address the most literal interpretation of Ground One – the claim that trial counsel was ineffective. To the extent that Petitioner alleges that counsel was ineffective for failing to introduce evidence, cross examine a witness, and present an argument in closing, the undersigned recommends that the Court find the claim to be procedurally defaulted because he did not present it to the state courts. *See* ECF Dkt. #9, Exs. 5, 9, 12. He only argued ineffective assistance of *appellate* counsel in his Rule 26(B) application. Because Petitioner's failed to raise a the issue of ineffective assistance of trial counsel at trial and on direct appeal, the instant Sixth Amendment claim would be barred by res judicata. *See Christian v. Williams*, Case No. 4:08CV1953, (N.D. Ohio July 24, 2009) (adopting report and recommendation, which reads ("Here, remanding Petitioner's claims would be an exercise in futility because they would be barred under Ohio's res judicata rule.") (ECF Dkt. #19 at 16); *see also Coleman v. Mitchell*, 268 F.3d 417, 427, (6th Cir. 2001); *State v. Perry*, 226 N.E.2d 104, 108 (Ohio 1967).[1] Accordingly, the Court should find Ground One to be barred by procedural default insofar as it relates to an assertion that counsel was ineffective for failing to introduce evidence, cross examine a witness, and present an argument in closing.

---

[1] "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

In addition to contending that trial counsel was ineffective for failing to introduce evidence, cross examine a witness, and present an argument in closing, the undersigned notes that Petitioner could be contending that the trial judge committed errors of state law by "interfer[ing] with trial counsel's ability to admit into evidence," "interfer[ing] with trial counsel's ability to ask the arresting police officer questions," and "interfer[ing] with trial counsel's ability to present closing arguments." *See* ECF Dkt. #1. This claim bears little relation to trial counsel's assistance, but rather relies on the trial judge's application of state law. The Sixth Circuit has held that federal habeas review of a state trial court ruling based upon state evidentiary law is "extremely limited." *Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir. 2006). "[E]rrors in application of state law, especially with regard to the admissibility of evidence, are *usually* not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir.1983) (emphasis added). However, a claim that an evidentiary error violated a Federal Constitutional right *is* cognizable in a federal habeas court. The Sixth Circuit held:

> Bey's second claim is that, even though the Ohio Supreme Court upheld the admission of the 'other acts' evidence as a matter of state evidentiary law, that particular evidence was so prejudicial that its admission nonetheless rendered his entire trial fundamentally unfair, **which denied him due process under the Fifth and Fourteenth Amendments. This is Bey's new construction of his proposed habeas issue and by framing it as a constitutional violation he has at least asserted a cognizable habeas claim** . . .

*Bey v. Bagley*, 500 F.3d 514, 519-520 (6th Cir. 2007) (emphasis added). To the extent that Petitioner contends that he is entitled to relief based upon errors of state law, his claim is not cognizable, and the Court need not consider procedural default.

In actively interpreting the instant petition under *Franklin*, the Court should consider if the purported state law errors resulted in constitutional violations. Even if Petitioner alleges in the instant case that the purported state court errors resulted in federal constitutional violations, such as a violation of the Confrontation Clause or the right to present a complete defense, Petitioner did not raise in the state courts any federal constitutional claims pertaining to the trial judge's alleged interference with trial counsel's ability to admit into evidence, alleged interference with trial counsel's ability to ask the arresting police officer questions, or alleged interference with trial counsel's ability to present closing arguments. Accordingly, those claims would be barred by res judicata, as

-15-

discussed above.

Lastly, the undersigned notes that Petitioner does not allege cause for his default or prejudice resulting from the alleged violation of constitutional law. Therefore, the undersigned recommends that the Court dismiss Ground One in its entirety with prejudice as procedurally defaulted.

**B: Ground Two: Insufficiency of the evidence**

In Ground Two, Petitioner alleges that his state court conviction is not supported by sufficient evidence. ECF Dkt. #1 at 6. An allegation that the verdict was entered upon insufficient evidence states a claim under the due process clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, *reh'g denied*, 444 U.S. 890 (1979), *and In re Winship*, 397 U.S. 358 (1970). On habeas review, the District Court cannot weigh the credibility of the witnesses. *Walker v. Engle*, 703 F.2d 959, 969. Nor is the District Court permitted to overturn a conviction merely because it would have acquitted had it acted as the finder of fact. *Brown v. Davis*, 752 F.2d 1142, 1147 (6th Cir. 1985), *and Walker,* 703 F.2d at 969. In order to establish an insufficiency of the evidence claim, the relevant inquiry is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Scott v. Mitchell,* 209 F.3d 854, 885 (6th Cir. 2000), *quoting Jackson,* 443 U.S. at 319. "This requires successful challengers to meet a very high threshold, even with respect to newly-discovered evidence." *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006). The inquiry is not whether the jury made the *correct* determination of guilt or innocence, but whether it made a *rational* decision to acquit or convict. *Williams v. Haviland,* No. 1:05CV1014, 2006 WL 456470, *3 (N.D.Ohio Feb. 24, 2006), citing *Herrera v. Collins,* 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). A court should interfere with a jury verdict only to the extent necessary to guarantee the fundamental protections of due process of law. *Scott,* 209 F.3d at 885 *quoting Jackson,* 443 U.S. at 319.

Although Petitioner has failed to articulate why he believes his conviction is not supported by the manifest weight of the evidence,[2] the Ohio Sixth District Court of Appeals reviewed the evidence. The court outlined Ohio criminal law, reviewed the evidence presented at Petitioner's trial, and ultimately determined that sufficient evidence has been admitted to enable a jury to find guilt:

> { 13} In his first assignment of error, appellant contends that the court erred in denying his Crim.R. 29 motion for acquittal. When reviewing the denial of a Crim.R. 29(A) motion, an appellate court evaluates whether the evidence is such that reasonable minds can differ as to whether each material element of the crime charged has been proven beyond a reasonable doubt. See *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 263. The standard is the same as is used to review a sufficiency of the evidence claim. *State v. Carter* (1995), 72 Ohio St.3d 545, 553. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring), superceded by state constitutional amendment on other grounds.
>
> { 14} The elements of R.C. 2903.11(A)(2), felonious assault, are as follows:
>
> { 15} "(A) No person shall knowingly do either of the following:
>
> { 16} " * * *
>
> { 17} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
>
> { 18} Appellant contends that the knife in his possession was not a deadly weapon. Rather, it was a small utility knife that he used in the performance of his job. Appellant also contends that he never threatened Lenhart with the knife.
>
> { 19} Appellant's arguments are without merit. R.C. 2923.11(A) defines a deadly weapon as follows: "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." The Committee Comment to R.C. 2923.11(A) specifically mentions a knife as an example of a deadly weapon. As for appellant's contention that he never threatened Lenhart with the knife, Lenhart testified that appellant ran toward him with his arm elevated while holding a knife. Lenhart's friend, Jason Moore, testified that he saw appellant running toward Lenhart while holding "something" in his hand. Based on the trial testimony, we conclude that a jury could have found beyond a reasonable doubt that appellant attempted to cause physical harm to Lenhart by means of a deadly weapon. Accordingly, the trial court did not err in denying the motion for acquittal and appellant's first assignment of error is not well-taken.

---

[2] *See* ECF Dkt. #1 at 6; #10 at 4.

*Alvarez*, 2007 WL 1793589 at ¶¶13-19. As the appellate court held, Mr. Lenhart's testimony that Petitioner ran toward him with a knife constituted sufficient evidence to support a conviction of felonious assault. *See* Tr. Vol. II at 49. Further, Jason Moore's testimony corroborated Mr. Lenhart's testimony. *See* Tr. Vol. II at 115 at l. 16-17. As the appellate court noted, the finder of fact could reasonably determine from that evidence that Petitioner attempted to cause harm to Mr. Lenhart by means of a deadly weapon. Accordingly, Petitioner has failed to demonstrate that the appellate court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See e.g. Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (After reviewing the pertinent criminal statute and the evidence presented at trial, the Sixth Circuit held that, "Because the Ohio Court of Appeals's ruling on the claim of insufficient evidence relating to the charge of aggravated robbery of Emmitt Grant thus was not unreasonable, the district court did not err in denying habeas relief on this issue.") Therefore, the undersigned recommends that the Court dismiss Ground Two in its entirety with prejudice.

  **C: Ground Three: Jury verdict against manifest weight of the evidence**

In Ground Three, Petitioner contends that his conviction is against the manifest weight of the evidence. ECF Dkt. #1 at 7. The undersigned recommends that the Court dismiss this ground for relief because a manifest weight of the evidence claim is not cognizable in federal habeas corpus review. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir.1985); *Walker v. Timmerman-Cooper*, No. 1:05CV103, 2006 WL 3242101 (S.D. Ohio Oct. 5, 2006). Manifest weight claims are derived from purely state law whereby the state appellate court sits as a "thirteenth juror and disagrees with fact finder's resolution of conflicting testimony" and finds that the "jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Tibbs v. Florida*, 457 U.S. 31, 41-47 (1982); *State v. Thompkins*, 78 Ohio St.3d 380, 389, 678 N.E.2d 541, 546-548 (1997)(superseded by state constitutional amendment on other grounds, *State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997), cert. denied 523 U.S. 1125 (1998)), quoting *State v.*

*Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983). Accordingly, Ground Three of the instant petition lacks merit and should be dismissed with prejudice.

**VI. CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.

DATE: August 21, 2009              ***s/ George J. Limbert***
                                              GEORGE J. LIMBERT
                                              UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).